MgW
5408
9.27.1

01 SEP 20  AM 8:51

ORDERED UNSEALED on **07/9/2024**    **s/ rmc**



s/ rmc          s/ rmc          s/ rmc

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>OMAR AHMED AL-BAYOUMI,<br>　　　　　Defendant.<br>_____ | ) Case No. **'01 mg 2358**<br>)<br>) COMPLAINT FOR VIOLATION OF<br>)<br>) 18 U.S.C. 1546 (Felony)<br>)<br>) Fraud and Misuse of<br>) Immigration Documents<br>)<br>) |

The undersigned complainant being duly sworn states:

## COUNT ONE

On or about February 5, 1997, in the Southern District of California, the Defendant OMAR AHMED AL-BAYOUMI, did knowingly present to Immigration and Naturalization Service a Form I-20, Certificate of Eligibility for Non-Immigrant (F-1) Student Status-For Academic and Language Students, a document required by the immigration laws and regulations prescribed thereunder which contained a statement, to wit, that his student status in the United States was being supported financially by ERCAN, which the defendant then and there knew was false, in that ERCAN had never provided him with any financial support, in violation of Title 18, United States Code, Section 1546(a).

## COUNT TWO

On or about September 10, 1997, in the Southern District of California, the Defendant OMAR AHMED AL-BAYOUMI, did knowingly present to Immigration and Naturalization Service a Form I-20, Certificate of Eligibility for Non-Immigrant (F-1) Student Status-

For Academic and Language Students, a document required by the immigration laws and regulations prescribed thereunder which contained a statement, to wit, that his student status in the United States was being supported financially by ERCAN, which the defendant then and there knew was false, in that ERCAN had never provided him with any financial support, in violation of Title 18, United States Code, Section 1546(a).

And the complainant stated that this complaint is based on the attached statement of facts which is incorporated herein by reference.

Merle Stethem
Special Agent,
Immigration and Naturalization Service

Sworn to before me and subscribed in my presence September 27, 2001

RUBEN B. BROOKS
United States Magistrate Judge

IN RE: Defendant OMAR AHMED AL-BAYOUMI

## STATEMENT OF FACTS

1.    On or about November 29, 1957, Defendant OMAR AHMED AL-BAYOUMI was born in Saudi Arabia.  A review of his file with the Immigration and Naturalization Service [INS] confirms his date and place of birth.

2.    Defendant OMAR AHMED AL-BAYOUMI INS's file also reflects that he initially entered the United States as a non-immigrant student on a "F-1" visa, to attend classes at United States International University, located at 10455 Pomerado Road, San Diego, California 92131.  According to INS records Defendant OMAR AHMED AL-BAYOUMI last entered the United States as a B-2, visitor for pleasure on March 21, 2001.

3.    As a non-immigrant student, Defendant OMAR AHMED AL-BAYOUMI was required to periodically file Form I-20 [Certificate of Eligibility for Non-Immigrant (F-1) Student Status- For Academic and Language Students] to verify his eligibility to remain lawfully in the United States. One of the areas of particular concern on Form I-20 dealt with the student's means of support while studying in the United States.  Question 8 on Form I-20 requires the student to detail the amount and source of all funds the student will rely upon for support while enrolled in the United States

educational institution.   This information is material to the Service's determination of the student eligibility because without adequate funds the non-immigrant student could become a public charge and would therefore be in violation of their limited admission status.

4.   On or about February 5, 1997, and again on September 10, 1997, Defendant OMAR AHMED AL-BAYOUMI completed and filed with, and for, the INS Forms I-20 to verify his status as a student.  On each of these forms Defendant OMAR AHMED AL-BAYOUMI answered Question 8 indicating that he was being support by a company/business known as ERCAN to the amount of $27,858.00.

5.   On September 22, 2001, agents from the FBI went to ERCAN and interviewed its president Magdi Ragheb Hanna, who advised that he knew Defendant OMAR AHMED AL-BAYOUMI and that he (Hanna) had been approached to provide documentary evidence to support Defendant OMAR AHMED AL-BAYOUMI as a student while he was in the United States.   Hanna told the agents that he had never provided any financial support for Defendant OMAR AHMED AL-BAYOUMI.   Hanna however did provide Defendant OMAR AHMED AL-BAYOUMI a false letter, dated January 22, 1997.   Hanna falsely stated in the letter that ERCA was providing financial support to Defendant OMAR AHMED AL-BAYOUMI in order to remain in the United States as a student.

6.    Therefore, I believe there is probable cause to believe that when Defendant OMAR AHMED AL-BAYOUMI completed Forms I-20 indicating that he would be supported by money from ERCAN that was a material false statement affecting the INS's determination of Defendant OMAR AHMED AL-BAYOUMI's ability to remain in the United States lawfully, in violation of Title 18, U.S.C, § 1546(a).

Merle Stethem
Special Agent,
Immigration and Naturalization Service

Sworn to before me and subscribed in my presence September 27, 2001

RUBEN B. BROOKS
United States Magistrate Judge